**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KINCAID COACH LINES, INC.,**

    **Plaintiff,**

v.

**TRANSARCTIC OF**
**NORTH CAROLINA, INC., et al.,**

    **Defendants.**

Case No. 17-2388-DDC-KGS

**MEMORANDUM AND ORDER**

In this action, plaintiff Kincaid Coach Lines, Inc. ("Kincaid") asserts claims against defendants TransArctic of North Carolina, Inc., Spheros North America, Inc. ("Spheros"), and Spal USA, Inc. ("Spal USA"). Plaintiff's claims arise from an alleged fire originating in an air conditioning system mounted to the rooftop of a bus that plaintiff operated. Plaintiff asserts that Spal USA "manufactured, sold or otherwise distributed the fans that were integrated as product components into the air conditioning system installed on the Bus." Doc. 19 at 3. And plaintiff asserts claims for strict liability, negligence, and breach of warranty against Spal USA.

On February 23, 2018, Spal USA filed a Motion for Summary Judgment (Doc. 51), arguing that plaintiff cannot establish that it sold or manufactured the allegedly defective fan. Plaintiff does not oppose this motion. Doc. 56 at 2. Accordingly, the court grants as uncontested Spal USA's Motion for Summary Judgment (Doc. 51) against all claims asserted against Spal USA.[1]

---

[1] Spal USA requests oral argument on its Motion for Summary Judgment. Doc. 51 at 1. D. Kan. Rule 7.2 provides, "The court may set any motion for oral argument or hearing at the request of a party or on its own initiative." In light of the court's ruling, it denies Spal USA's request.

This Order also rules on plaintiff's Motion for Leave to Amend Complaint (Doc. 55). For the reasons discussed in Part II, the court grants plaintiff's motion, but—on the current record—declines to conclude that the proposed Amended Complaint "relates back."

## I.   Background

On October 13, 2017, three months after plaintiff commenced this action, plaintiff filed a Second Amended Complaint joining Spal USA as a defendant. It asserts strict liability, negligence, and breach of warranty claims against Spal USA for property damage and business income losses arising from the alleged October 18, 2015 fire on plaintiff's bus. Plaintiff asserts that it joined Spal USA as a party based upon its good-faith belief that Spal USA had manufactured, sold, or distributed the fans (also called "blowers") integrated into the Spheros rooftop-mounted air conditioning system installed on plaintiff's bus. Doc. 56-1 (Aff. of Lauren Nuffort) at 2 ¶¶ 6–9.

On November 6, 2017, Spal USA filed its Answer to plaintiff's Second Amended Complaint. *See* Doc. 24. In this Answer, Spal USA stated "that it possibly sold the fans that were installed on the bus described in plaintiff's Second Amended Complaint." *Id.* at 4 ¶ 20.

On December 27, 2017, plaintiff served written interrogatories on Spal USA. Interrogatory No. 2 asked Spal USA to: "Identify with specificity all components, parts, products, systems, equipment, and/or materials [Spal USA, its predecessors, affiliated companies, and parent companies] manufactured, designed, assembled, sold, or provided to others that were incorporated in or became part of the Subject Air Conditioning Unit." Doc. 56-1 (Ex. D to Nuffort Aff.) at 12. On January 26, 2018, Spal USA responded that "although it does sell blowers of the same model as contained in the Subject Air Conditioning Unit, it did not design, manufacture, sell or provide the blowers that were installed in the Subject Air

Conditioning Unit." Doc. 56-1 (Ex. E to Nuffort Aff.) at 21. The Scheduling Order set January 30, 2018, as the deadline for motions to amend. *See* Doc. 33 at 2.

In early February 2018, plaintiff requested that Spal USA supplement its answers to interrogatory numbers 2, 4, 5, 6, 7, and 11. Counsel for both parties exchanged correspondence about plaintiff's request for supplementation and counsel discussed the discovery dispute by telephone. Doc. 56-1 (Exs. F & G to Nuffort Aff.) at 32–37. On February 19, 2018, Spal USA filed a First Amended Answer to plaintiff's Second Amended Complaint. There, Spal USA again asserted "that it possibly sold the fans that were installed on the bus described in Plaintiff's Second Amended Complaint." Doc. 49 at 4 ¶ 20.

Three days later, on February 22, 2018, Spal USA served supplemental answers and responses to plaintiff's interrogatories and request for production of documents. In its supplemental answers, Spal USA identified, for the first time, that its parent company, Spal Automotive, Srl ("Spal Auto") had manufactured and sold the blowers in the relevant air conditioning unit. Doc. 56-1 (Ex. H to Nuffort Aff.) at 39. The next day, on February 23, 2018, Spal USA filed its Motion for Summary Judgment.

Spal USA submitted an attestation by Spal USA's Quality Manager Dan McNeal with its Motion for Summary Judgment. Mr. McNeal attests that he contacted Spal Auto and was advised that Spal Auto sold the specific blowers with the orange wires connected to the 3-speed resistor pack that were part of the air conditioning unit. Doc. 52-1 (McNeal Aff.) at 3. To its credit, plaintiff concedes that it has no basis to oppose Spal USA's assertion that it did not manufacture, sell, or install the blowers that were part of the air conditioning unit based on the documents and information Spal USA recently produced in this case.

Plaintiff asserts that, from the outset, it intended to commence these strict liability, negligence, and breach of warranty claims against the manufacturer-seller of the blowers. Plaintiff also asserts that it mistakenly believed Spal USA was the proper entity that manufactured and sold the blowers. Finally, plaintiff asserts that when it received Spal USA's supplemental discovery responses on February 22, 2018 and learned of Spal USA's assertion about Spal Auto, plaintiff promptly reviewed supplemental documents, conferred with counsel, and discerned the meaning of this new information so then it promptly could file a Motion for Leave to Amend Complaint. Doc. 56-1 (Nuffort Aff.) at 3.

## II.     Analysis

Because plaintiff filed its Motion for Leave to Amend the Complaint after January 30, 2018, the court must analyze the motion under the two-step test used in this district to decide motions to amend pleadings after the scheduling order deadline. *E.g., Capital Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.*, No. 08-2027-JWL-DJW, 2009 WL 1635894, at *3 (D. Kan. June 11, 2009).

Although Fed. R. Civ. P. 15 provides that courts should "freely" grant leave to amend when justice so requires, a motion to amend filed after the scheduling order deadline implicates Fed. R. Civ. P. 16 as well. Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). So, when confronted with a motion to amend filed beyond the scheduling order deadline, the first step for courts in this district is to evaluate whether the moving party has established "good cause" within the meaning of Rule 16(b)(4). *E.g.*, *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KVH, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010). Only if good cause exists will the court proceed to determine whether the movant has satisfied the more forgiving standard in Rule 15(a). *Id.*

4

To establish good cause under Rule 16(b)(4), the moving party must show that it could not have met the amendment deadline even if it had acted with due diligence. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995). Here, just four days before the deadline, plaintiff learned that Spal USA may not have manufactured or sold the fans at issue. It followed up with Spal USA by asking for supplemental answers. Then, three weeks later, Spal USA again asserted in its First Amended Answer "that it possibly sold the fans that were installed on the bus." Doc. 49 at 4 ¶ 20. It was not until three days later that Spal USA asserted definitively that it did not manufacture or sell the fans at issue.

Spal USA concedes that plaintiff "acted promptly to bring its current motion for leave to file an amended complaint" and "has certainly provided the Court with more than sufficient 'good cause' evidence to warrant granting Plaintiff leave to amend its Complaint." Doc. 58 at 2. The court agrees and thus concludes that plaintiff has shown that it acted with due diligence.

Because plaintiff has satisfied Rule 16(b)(4)'s good-cause standard, the court proceeds to the second step—the Rule 15(a)(2) analysis. Rule 15(a)(2) provides that courts should "freely give leave when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted).

No party argues any justification for refusing to give leave, and the court can find none in the record before it. It thus grants plaintiff's motion for leave to amend.

5

Last, plaintiff's amendment motion asks the court to find that this Third Amended Complaint "relates back" to the Second Amended Complaint. Rule 15(c) governs relation back of amendments. Subsection (c)(1) provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Plaintiff argues its proposed Amended Complaint relates back under Rule 15(c)(1)(C). Indeed, plaintiff simply changes the party it has sued from Spal USA to Spal Auto. *Compare* Doc. 55-1 *with* Doc. 19. Also, the claims arise from the same conduct, transaction, or occurrence—the alleged fire on October 18, 2015. *See Silva v. Ekis*, No. 15-3007-CM, 2017 WL 5465531, at *2 (D. Kan. Nov. 14, 2017) ("Rule 15(c)(1)(B) requires that the amendments assert a claim or defense that arises out of the same conduct, transaction, or occurrence set out in the original pleading . . . .").

But Rule 15(c)(1)(C) also requires the newly named party to have received notice of the action within the period provided by Rule 4(m). Rule 4(m) allows 90 days for service. And "'Notice' under Rule 15(c)(1)(C)(i) may be actual or constructive." *See id.* (citing *Grider v.*

*Shawnee Mission Med. Ctr.*, No. 16-2750-DDC-GLR, 2017 WL 2971967, at *3 (D. Kan. July 12, 2017)).

Plaintiff asserts that Spal USA knew about the cause of action on May 13, 2016, when Mr. McNeal, Spal USA's Quality Manager, attended an inspection of the relevant air conditioning unit. Plaintiff also asserts that Spal USA communicated with Spal Auto between this inspection in May 2016 and January 11, 2018—the 90-day deadline for service.[2] But plaintiff has not directed the court to a specific date or circumstance within this 90-day window when Spal USA communicated with Spal Auto and thereby provided Spal Auto with notice of the action.

It appears, however, that plaintiff bases its assertion that Spal Auto had notice on Interrogatory No. 2 served on Spal USA. In that interrogatory, plaintiff asked Spal USA to: "Identify with specificity all components, parts, products, systems, equipment, and/or materials Spal manufactured, designed, assembled, sold, or provided to others that were incorporated in or became part of the Subject Air Conditioning Unit." Doc. 56-1 at 12. Importantly, the definitions section of the interrogatories defined "Spal" as "Defendant Spal USA, Inc. together with its respective predecessors, affiliated companies, *parent companies*, subsidiaries, agents, officers, employees, representatives, and all other persons acting on its behalf." *Id.* at 10 (emphasis added).

Perhaps plaintiff can show that Spal USA communicated with Spal Auto between service of the interrogatories on Spal USA on December 27, 2017, and January 11, 2018. *See Silva*, 2017 WL 5465531, at *2 ("Judges in this district have also considered deposition testimony, emails, affidavits, and similar information in making determinations regarding notice."). But it

---

[2] January 11, 2018 is the deadline under Rule 4(m) because it is 90 days after plaintiff filed the Second Amended Complaint—October 13, 2017.

7

has not done so yet. At best, plaintiff has established that Mr. McNeal spoke with Spal Auto before February 22, 2018. Doc. 52-1 (McNeal Aff.) at 3. So, by that date, Spal Auto may have received notice. But that can't carry the day for plaintiff on this determination because that date is outside the 90-day deadline.

In sum, plaintiff has not yet established that Spal Auto had notice of this cause of action within the required period.[3] At most, it has adduced information sufficient to permit the court to determine that Spal Auto may have had notice. And plaintiff may have additional information suggesting that Spal Auto had notice. *See Silva*, 2017 WL 5465531, at *2 (granting plaintiff's Motion to Amend because "it is possible that the proposed defendants did have notice of this lawsuit or that plaintiff might be able to develop a record that would demonstrate they had notice should the newly named defendants file a motion to dismiss"). At present, though, plaintiff has come forward with a sufficient basis for granting its Motion for Leave to Amend the Complaint (Doc. 55). But the court cannot conclude, at this time, that the proposed Amended Complaint necessarily relates back to the Second Amended Complaint.[4]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Spal USA's Motion for Summary Judgment (Doc. 51) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to Amend Complaint (Doc. 55) is granted. Plaintiff must file its Third Amended Complaint within 7 days of the date of this Order. For reasons discussed in this Order, the court denies plaintiff's current request to find that the Third Amended Complaint relates back to the Second Amended Complaint.

---

[3] Because the court reaches this conclusion, it does not address the requirement found in Rule 15(c)(1)(C)(ii).

[4] The court makes this ruling without prejudice to plaintiff's right to reassert the relation back argument on a more fully-developed record.

**IT IS SO ORDERED.**

**Dated this 28th day of June, 2018, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**
